Kenneth Riley LEAGUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–01233–CR.

Court of Appeals of Texas, Dallas.

Aug. 1, 1986.

Herbert Green, Jr., Dallas, for appellant.

Gilbert P. Howard, Dallas, for appellee.

Before HOWELL, McCLUNG and HOLLINGSWORTH, JJ.

HOLLINGSWORTH, Justice.

Kenneth Riley League appeals his conviction for reckless driving. Punishment was assessed at 90 days' confinement and a $350 fine, probated for 6 months. In two grounds of error appellant asserts that: first, "reck driving" is not a crime and therefore his conviction is invalid; and second, he could not defend himself since he had no way to determine with what offense he was being charged. We agree that there is no offense in Texas designated "reck driving." We hold, however, that appellant was both charged with and convicted of "reckless driving."[1] For the reasons set out below, we reform the trial court's judgment and remand the cause for resentencing.

▮ Article 6701d, section 51, of the Texas Revised Civil Statutes is entitled "Reckless driving." It states:

Sec. 51. (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

(b) Every person convicted of reckless driving shall be punished upon such conviction by a fine of not more than Two Hundred Dollars ($200), or by imprisonment in the county jail for a period of not more than thirty (30) days, or by both such fine and imprisonment.

An information which tracks the statute and sets forth the offense in ordinary and concise language so as to enable an appellant to understand the particular offense with which he is charged is sufficient to both charge an offense and provide notice of that offense. *Ward v. State,* 642 S.W.2d 782, 783–84 (Tex.Crim.App.1982). Here, both the information charging appellant and its supporting affidavit substantially track the statute. In their bodies, they formally charge appellant with:

knowingly and intentionally, *operat[ing] a motor vehicle* upon a public roadway in *willful and wanton disregard for the safety of persons* and property, to-wit: the automobile and persons of John G. Ross and Barbara Ross, by trying to force said automobile of John G. Ross, which said John G. Ross was driving and in which Barbara Ross was a passenger, from the roadway[.] [Emphasis added.]

Accordingly, they are sufficient to charge appellant with "reckless driving" and provide him notice thereof. Appellant's two grounds of error are overruled.

Appellant does not attack the formal allegations of the information or affidavit. Rather, he challenges the notations appearing at the top of these instruments. Both the information charging appellant and its supporting affidavit were prepared using printed forms. At the top of both of these forms is the following information:

1. TEX.REV.CIV.STAT.ANN. art. 6701d, § 51 (Vernon 1977).

| | | |
|---|---|---|
| DEFENDANT LEAGUE, KENNETH RILEY WM 8–24–50 | | CHARGE RECK DRIVING |
| ADDRESS 127 Oak St., Lancaster | LOCATION AT LARGE | |
| FILING AGENCY LAN PD DATE FILED 2–27–85 | COURT #8 | |
| COMPLAINANT JOHN G. ROSS | MB8526329–J | |
| C/C | | |
| SERVICE NO. 85–202 ARREST NO. | I.D. NO. | |

These blanks and the information contained therein appear to be for clerical use and for classification purposes. They are unnecessary to the validity of these charging instruments; the instruments would have been sufficient if they were left entirely blank. It follows that the use of abbreviations therein is harmless.

■ The judgment is a matter of greater concern. Evidently perpetuating the inaccuracy under discussion, the trial court's judgment recites that appellant was charged with and pled not guilty to "RECK DRIVING."[2] Nevertheless, the trial court's judgment shows that appellant was found guilty "of the charge contained in the information." As we have already determined that the information charged appellant with "RECKLESS DRIVING", it follows that this is the offense for which he was convicted. Accordingly, we reform the judgment to show that appellant was charged with, entered a plea of not guilty to, and was convicted of the offense of "RECKLESS DRIVING." *See Jiminez v. State,* 552 S.W.2d 469, 475 (Tex.Crim.App. 1977).

■ Although not assigned as error, our review of the sentence shows that the trial court imposed an unauthorized punishment. The maximum punishment authorized for reckless driving is a fine not to exceed $200, imprisonment in the county jail for not more than 30 days, or both. TEX.REV. CIV.STAT.ANN. art. 6701d, § 51(b) (Vernon 1977). The trial court's assessment of 90 days' confinement and a $350 fine falls outside the permissible range. This error relates to punishment only. Because pun-

ishment was assessed by the trial court, we vacate that portion of the judgment fixing punishment and remand the cause to the trial court for the assessment of punishment within the range allowed by law. *Bogany v. State,* 661 S.W.2d 957, 958–59 (Tex. Crim.App.1983); *Saunders v. State,* 511 S.W.2d 281, 283–84 (Tex.Crim.App.1974).

Reformed, and as reformed, that portion of the judgment fixing punishment is VACATED and the cause is REMANDED.

**2.** We note that both the "AFFIDAVIT FOR ARREST WARRANT OR CAPIAS" and the "WARRANT OF ARREST AND DETENTION" correctly designate the offense with which appellant

was charged as "RECKLESS DRIVING." Both appear to be forms made for and completed by the Dallas County Magistrate.'