**Donald L. BUSBY, Appellant,**

v.

**The STATE of Texas.**

**No. 1284–97.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 16, 1998.

James H. Kreimeyer, Belton, for appellant.

Richard J. Miller, County Atty., Belton, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WOMACK, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and BAIRD, MEYERS, KELLER, PRICE and HOLLAND, Judges, joined.

At issue in this case is a court's authority to impose a condition of community supervision that requires a probationer to reimburse the county for payments to the attorney pro tem who prosecuted. We hold that the legislature has not given the courts such authority.

### I.

The appellant waived trial by jury and pleaded guilty to five indictments charging misapplication of fiduciary property. The court assessed punishment in each case at ten years' confinement, suspended for ten years. As a condition of community supervision[1] in one case, the court required the appellant to pay court costs that included $230,695.21 in reimbursement to the county for the cost of the attorney pro tem who was appointed to represent the State after the district attorney recused himself.[2] This appeal is from the judgment in that case.

The Court of Appeals held that the trial court was not authorized to order the appellant to pay the costs of the prosecutor as a cost of court or to otherwise reimburse the county for those fees. *Busby v. State,* 951 S.W.2d 928, 931 (Tex.App.—Austin 1997). The Court of Appeals deleted the requirement that the appellant pay $230,695.21 in attorney fees. *Id.* at 932. We granted the State's petition for discretionary review of that decision.[3]

### II.

We begin by pointing out that the district court had no inherent authority to impose the condition. Texas courts do not have inherent power to grant probation. *Lee v. State,* 516 S.W.2d 151, 152 (Tex.Cr.App. 1974). There are two sources of judicial authority to grant probation, and both are subject to legislative regulation.

One source of judicial authority to grant probation is legislation enacted under Article IV, Section 11A of the Texas Constitution:

The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe.

This section amended the article of the Constitution that defines the power of the executive. It has been called "a limited grant of clemency to the courts by the people." *State ex rel. Smith v. Blackwell,* 500 S.W.2d 97, 101 (Tex.Cr.App.1973). It was not self-enacting, but required enabling legislation. *State v. Klein,* 154 Tex. Crim. 31, 34, 224 S.W.2d 250, 252 (1949). Section 11A was first given effect by enactment of the Adult Probation and Parole Law in 1947.[4] *Ibid.* Section 1 of that statute, which allowed a court to grant pro-

---

1. "Community supervision" replaced "probation" in the principal procedural statute, Tex. Code Crim. Pro. art. 42.12, in 1993. *See* Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3716. The term "probation" still appears in other statutes and in the Constitution. We use the terms interchangeably in this opinion.

2. On the distinction between an attorney pro tem (who replaces the holder of the prosecutor's office) and a special prosecutor (who works with the office-holder), *see generally State v. Rosenbaum,* 852 S.W.2d 525, 528 (Tex.Cr.App.1993) (opinion of Clinton, J.).

3. The State argued in the court of appeals that the appellant waived the protection of any statute which forbids such a condition, and that he did not preserve the point for review. The court of appeals did not address those arguments. The State did not move for rehearing, and it has not raised the arguments on discretionary review. Therefore questions of waiver, error preservation, and estoppel are not before us. We express no opinion on such questions.

4. Act of June 21, 1947, 50th Leg., R.S., ch. 452, 1947 Tex. Gen. Laws 1049.

bation without the recommendation of a jury, is the ancestor of section 3 of the present community supervision statute, Code of Criminal Procedure article 42.12. Article IV, Section 11A of the Constitution also authorizes the other statutory provisions that allow a court to grant community supervision, after conviction, without the recommendation of a jury.[5]

The other source of authority to grant probation is the general legislative power itself, which was created in Article III, § 1 of the Texas Constitution. *McNew v. State,* 608 S.W.2d 166, 176 (Tex.Cr.App.1980). The legislature may exercise its power to give the courts authority to suspend sentences, but the authority must not intrude on the executive's power to pardon. *Snodgrass v. State,* 67 Tex.Crim. 615, 150 S.W. 162 (1912). We have held that two kinds of probation are based on the general legislative power. One was the "jury recommended community supervision" which is now authorized by section 4 of the community supervision statute (Code of Criminal Procedure article 42.12). The present section 4 is the descendant of the Suspension of Sentence Act of 1913.[6] That act was found to be within the legislature's constitutional power to fix the punishment for crimes, and within the judiciary branch's authority to assess punishment. *Baker v. State,* 70 Tex. Crim. 618, 158 S.W. 998 (1913).[7]

Another kind of community supervision that is authorized by the general legislative power is deferred adjudication.[8] *McNew v. State,* 608 S.W.2d 166, 176 (Tex.Cr.App. 1980). When a court grants deferred adjudication probation there has been no convic-

tion. *Price v. State,* 866 S.W.2d 606, 611 (Tex.Cr.App.1993). Therefore the legislature and the judiciary do not infringe on the executive's power to pardon after conviction.

Be it authorized by Article III, § 1 or by Article IV, § 11A, the granting of probation is completely subject to legislative regulation. If the district court was authorized to impose a condition of community supervision that required a defendant to reimburse the county for payment of an attorney pro tem, its authority to do so must be found in a statute.

## III.

The State makes two arguments that a condition to reimburse the county for the cost of the appointed prosecutor is authorized by statute. It relies first on subsection 11(a) of the community supervision law (Code of Criminal Procedure article 42.12), which reads in part: "The judge may impose any reasonable condition that is designed to protect or restore the community ...." The argument is wrong because another, more specific, subsection governs the court's authority to order payments as a condition of community supervision. Subsection 11(b) of article 42.12 reads in part:

A judge may not order a defendant to make any payments as a term or condition of community supervision except for fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant or otherwise expressly authorized by law.

The specific statute controls over the general. Subsection 11(b) acts as a limitation on the conditions that are authorized by subsec-

5. *See* TEX.CODE CRIM. PRO. art. 42.12, §§ 6 (felony "shock" probation), 7 (misdemeanor "shock" probation), 8 (state boot camp program), and 15 (state jail felonies).

6. Act of February 11, 1913, 33d Leg., R.S., ch. 7, 1913 Tex. Gen. Laws 8.

7. In *Nealy v. State,* 500 S.W.2d 122 (Tex.Cr.App. 1973), the question was whether a defendant whose sentence had been probated at the recommendation of a jury had been "convicted" in the terms of the Gun Control Act of 1968, 18 U.S.C. § 922. The opinion by Commissioner Green relied in part on the use of the word "conviction" in the Adult Probation and Parole Law. A foot-

note said, "See also Article IV, Section 11A, Vernon's Ann. St. Texas State Constitution," where the word "convicted" also appears. 500 S.W.2d at 125 n. 5. The *Nealy* footnote may be read to imply that since the adoption of Article IV, § 11A of the Constitution in 1935, jury-recommended probation has been authorized by that section rather than by the general legislative power in which we found the constitutional authority for the 1913 act. Neither *Nealy* nor today's case required us to identify the source of constitutional authority for jury-recommended probation.

8. *See* TEX.CODE CRIM. PRO. art. 42.12, § 5.

tion 11(a). *See Martin v. State*, 874 S.W.2d 674, 677 (Tex.Cr.App.1994). To be sustained, the condition of payment in this case must be brought within the terms of subsection 11(b).

The State's argument that the condition is "a reasonable condition ... that is designed to restore the community" within the language of article 42.12, § 11(a), relies on a general law which does not "expressly authorize" a condition that a defendant pay reimbursement to a county for the cost of an appointed prosecutor. It cannot control over, and it does not come within, the "expressly authorized by law" provision of subsection 11(b) of the community supervision statute.

The State's other argument is that the payment of an attorney pro tem is "court costs" within the terms of article 42.12, section 11(b). This conclusion is based on phrases in two other articles of the Code of Criminal Procedure. One article says the payment to an attorney appointed to represent an indigent person "may be included as costs of court." [9] Another says an attorney pro tem "shall receive compensation in the

same amount and manner" as an attorney appointed to represent an indigent person.[10] Therefore, concludes the State, the county's payments to an attorney pro tem may be included as costs of court just as are payments to an appointed defense attorney.

We think the statutory premises do not support the conclusion of the State's argument. On its face, Code of Criminal Procedure article 2.07(c) does not authorize inclusion of such payments in the costs of court. The only relevant language in article 2.07(c) is that an attorney pro tem "shall receive compensation in the same amount and manner" as an appointed defense attorney. We can only construe article 2.07(c) as incorporating the provisions of article 26.05 that govern the amount and manner of compensation; those provisions speak to the kinds of expenses and services of an appointed attorney, the methods of calculating the attorney's fee, the form of schedules and reporting, the method of approval, and the source of funding.[11] Article 26.05 also contains provisions for a county to recover payments from a defendant.[12] Those provisions, which govern

9. "All payments [to counsel appointed to defend] under this article shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held and may be included as costs of court." Tex.Code Crim. Pro. art. 26.05(d).

10. "He [the attorney pro tem] shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person." Tex.Code Crim. Pro. art. 2.07(e) (in part).

11. Those provisions of Tex.Code Crim. Pro. article 26.05 that deal with the amount and manner of compensation of the attorney read: "Compensation of counsel appointed to defend

"(a) A counsel, other than an attorney with a public defender's office, appointed to represent a defendant in a criminal proceeding, including a habeas corpus hearing, shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony and shall be paid a reasonable attorney's fee for performing the following services, based on the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel:

"(1) time spent in court making an appearance on behalf of the defendant as evidenced by a docket entry, time spent in trial, or time spent in a proceeding in which sworn oral testimony is elicited;

"(2) reasonable and necessary time spent out of court on the case, supported by any documentation that the court requires; and

"(3) preparation of an appellate brief to a court of appeals or the Court of Criminal Appeals.

"(b) All payments made under this article shall be paid in accordance with a schedule of fees adopted by formal action of the county and district criminal court judges within each county, except that in a county with only one judge with criminal jurisdiction the schedule will be adopted by the administrative judge for that judicial district.

"(c) Each fee schedule adopted will include a fixed rate, minimum and maximum hourly rates, and daily rates and will provide a form for reporting the types of services performed in each one. No payment shall be made under this section until the form for reporting the services performed is submitted and approved by the court and is in accordance with the fee schedule for that county.

"(d) All payments made under this article shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held ...."

12. Those provisions of Tex.Code Crim. Pro. article 26.05 that deal with the recovery of compensation of the attorney read:

"(d) All payments made under this article ... may be included as costs of court.

costs of court and offset by the defendant, cannot be called amount and manner in which the attorney receives compensation.

Our conclusion is bolstered by subsection 11(a)(11) of article 42.12, which specifically authorizes a condition that the defendant reimburse the county for compensation paid to appointed defense counsel.[13] It was added to article 42.12 in 1987.[14] The addition was unnecessary under the State's reasoning, because article 26.05(c) specifically allows payments for appointed defense attorneys as to be included as costs of court, and article 42.12, subsection 11(a)(8) specifically allows a condition that probationers pay costs of court.[15] Yet if we accept the State's argument, we would have to hold that the same legislature that was careful enough to add two specific provisions for recovering compensation paid to appointed defense attorneys, did not bother to add any specific provision for recovering compensation paid to an attorney pro tem.

There is another reason why we think the statutes would be more specific if reimbursement for attorneys pro tem were authorized. The public policy of having the defendant bear the cost of the defense attorney is a familiar part of our legal system. A public policy of having defendants reimburse the state for the costs of the prosecuting attorney would be a novelty, one which we will not impute to the legislature on such tenuous statutory language as that which the State has presented.

We think that if the legislature were to enact a statute which authorizes courts to order probationers to pay for attorneys pro tem, it would do so more explicitly.

The judgment of the court of appeals is affirmed.

OVERSTREET, J., concurs in the result.

MANSFIELD, J., files a dissenting opinion.

MANSFIELD, Judge, dissenting.

Appellant was charged by indictment for four second degree felony offenses of misapplication of fiduciary property. He was also charged in the same indictment for one third degree felony offense of misapplication of fiduciary property. The District Attorney of Bell County recused herself and a private attorney from Dallas was appointed as special prosecutor.[1] Appellant pled guilty to all five of the charged offenses and the trial court found him guilty. Appellant was sentenced to ten years' imprisonment, probated for ten years' community supervision. He was ordered to perform community service. In cause number 44, 932 (one of the four second degree felony misapplication of fiduciary property cases), he was ordered to pay the $203,695.21 special prosecutor's fee as a court cost.

Appellant appealed the assessment of the special prosecutor's fees as court costs, as well as the part of the court's order requiring him to pay restitution to one of his former clients. The court of appeals held that payment of the special prosecutor's fees as court costs, as a condition of probation, was not

"(e) If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay the amount that it finds the defendant is able to pay."

**13.** Tex.Code Crim. Pro. article 42.12, § 11(a) reads:

"Terms and conditions of probation may include ...:

"(11) Reimburse the county in which the prosecution was instituted for compensation paid to appointed counsel for defending him in the case, if counsel was appointed, or if he was represented by a county-paid public defender, in an amount that would have been paid to an appoint-

ed attorney had the county not had a public defender."

**14.** Act of June 20, 1987, 70th Leg., R.S., ch. 939, § 2, 1987 Tex. Gen. Laws 3133.

**15.** The relevant sections of Tex.Code Crim. Pro. articles 26.05 and 42.12 were enacted in 1965. See Act of June 18, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws, vol. 2, pp. 426, 491. The numbers of the specific sections have been changed by subsequent amendments.

**1.** Appellant was a former Bell County district judge and a prominent attorney practicing in Bell County. The conduct alleged in the indictment involved misapplication of funds belonging to clients.

specifically provided for by Texas Code of Criminal Procedure, Article 42.12, Section 11(b), Article 26.05(d) or Article 2.07(c). Accordingly, it deleted that portion of the trial court's order requiring appellant to reimburse Bell County for the special prosecutor's fee. *Busby v. State,* 951 S.W.2d 928 (Tex.App.—Austin 1997).

I believe that, taken together, Articles 2.07(c), 26.05(d) and 42.12, Section 11(a) do provide authority for the trial court to order payment of a special prosecutor's fees as a condition of community supervision. A special prosecutor is, in many ways, similar to an attorney appointed by the court to represent an indigent defendant. Both are paid out of the general funds of the county in which the prosecution was initiated. Article 26.05(d) specifically allows funds paid to a court-appointed attorney for an indigent defendant to be included as *costs of court.* Article 26.05(e) permits the court to order a defendant, who it finds to be financially able to do so, to reimburse the county for all or part of the costs of the legal services provided said defendant by the attorney appointed to represent him.

In the present case, due to appellant's status as a former district judge and prominent attorney in Bell County, the elected district attorney reasonably disqualified herself from prosecuting appellant. A private attorney was appointed, pursuant to Article 2.07(a), as special prosecutor, by the trial court. Article 2.07(c) also provides the appointed attorney "shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person."

Article 42.12, Section 11(a) provides:

The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions. The judge may impose *any reasonable condition that is designed to protect or* *restore the community,* protect or restore the victim, or punish, rehabilitate or reform the defendant. Conditions of community supervision may include, *but shall not be limited to,* the conditions that the defendant shall.... [2] (Emphases added.)

It is clear, from the express language of Article 42.12, Section 11(a), the Legislature did not intend to limit the trial court to imposition of the conditions of community supervision specified therein. Cognizant of the broad inherent powers granted Texas trial courts by Texas Government Code, Section 21.001, the Legislature's intent, as expressed in Article 42.12, Section 11(a), was to authorize Texas trial courts to impose *any* reasonable condition of community supervision. This interpretation is consistent with our opinion in *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App.1991) (process of interpretation of statutory language in order to determine legislative intent).

In the present case, it was determined the people of Bell County suffered harm—the cost of a special prosecutor—as a direct result of appellant's criminal conduct. The trial court ordered appellant, as a condition of community supervision, to restore the people of Bell County by paying an amount equal to the cost of the special prosecutor. Conceptually, requiring appellant to repay Bell County for the cost of the special prosecutor differs little from requiring him—had he been an indigent provided appointed counsel paid for by the county—to repay the county for costs of appointed counsel if found financially able to do so. This condition of community supervision is clearly reasonable as defined under Article 42.12, Section 11(a). Accordingly, there was no abuse of discretion by the trial court. I would therefore hold that a nonindigent defendant may be required, a condition of community supervision, to pay the costs of the special prosecutor as costs of court.

I would overrule the judgment of the court of appeals and would affirm the judgment of

2. Section 11(a) lists twenty-two different conditions of community supervision, including submission to alcohol/drug testing, obeying the law, reporting to his probation officer, etc.

the trial court.   I respectfully dissent.[3]

---

**3.** It is not clear from the record whether appel-
lant is unable to pay all or part of the costs of the
special prosecutor.  Any *bona fide* claim of indi-
gency can be made to the trial court.