OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 4, 1999

Ms. Suzanne N. Bauer
Hopkins County Auditor
P.O. Box 288
Sulphur Springs, Texas 75483

Opinion No. JC-0042

Re: Whether a prosecutor may defer prosecution of a violation of the law contingent upon the offender's donation of money to a governmental or nonprofit organization, and related questions (RQ-1056)

Dear Ms. Bauer:

You ask whether a prosecutor, specifically the Hopkins County Attorney, may agree with an individual arrested on a misdemeanor charge to refrain from prosecuting a violation of the law if the offender contributes money to the county or county law library, or to private organizations such as Crime Stoppers, Drug Abuse Resistance Education ("D.A.R.E."), or the Sheriff's Posse. Although a prosecutor has broad discretion to refrain from prosecuting a violation of the law that occurs within his or her jurisdiction, a prosecutor may not require an offender to contribute money to a public or private entity in consideration of the prosecutor's decision not to prosecute. You also ask whether the county attorney may receive and allocate the sum received in accordance with the agreement, or whether the county treasurer may receive the sum and credit it to the recipient designated in the contract. Because we conclude a prosecutor lacks authority to enter this type of agreement, we do not answer these questions.

You explain that, before a prosecution is filed, the county attorney may decline to prosecute a violation of the law against an individual who has been arrested while committing a misdemeanor, such as driving while intoxicated, see TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp. 1999). The prosecutor requires, as a quid pro quo, the offender to contribute to an organization selected by the prosecutor, which may be governmental, e.g., the county or the county law library, or private, nonprofit, e.g., the Sheriff's Posse, Crime Stoppers, or D.A.R.E.

The practice you describe is unlike arrangements that are explicitly permitted by statute. A county or district attorney of El Paso County, for example, may operate a pretrial diversion program. TEX. GOV'T CODE ANN. § 54.745(a) (Vernon 1998). In addition, any prosecutor may defer prosecuting a child and may, in certain circumstances, request the child to attend classes in self-responsibility and empathy for a victim or request the child to restore property the child damaged.

*See* TEX. FAM. CODE ANN. § 53.03(c), (g) (Vernon 1996 & Supp. 1999) (added by Act of May 22, 1997, 75th Leg., R.S., ch. 593, § 6, 1997 Tex. Gen. Laws 2072, 2075);[1] *see also id.* § 53.03(g) (Vernon Supp. 1999) (added by Act of June 1, 1997, 75th Leg., R.S., ch. 1013, § 16, 1997 Tex. Gen. Laws 3686, 3692) (prosecution may not be deferred in certain circumstances); *id.* § 59.005(a)(1) (permitting a prosecutor to defer prosecution for a child at sanction level two for not less than three nor more than six months). A community supervision and corrections department established under chapter 76 of the Government Code may operate a pretrial intervention program. *See* TEX. GOV'T CODE ANN. § 76.011(a) (Vernon 1998). Lastly, the practice you describe is distinguishable from a court's deferral of adjudication and imposition of community supervision in accordance with article 42.12, section 5(a) of the Code of Criminal Procedure. *See also Busby v. State*, 984 S.W.2d 627, 629 (Tex. Crim. App. 1998) (en banc). Notably, a judge's authority to order a defendant to make payments to a charitable or governmental organization of the judge's choosing is strictly limited. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(b) (Vernon Supp. 1999) (forbidding judge to require defendant to make payments as condition of community supervision except as authorized by law); *Busby*, 984 S.W.2d at 629-30 (stating that section 11(b) limits conditions authorized by section 11(a)); *see also* Comm. on Jud. Ethics, State Bar of Tex., Op. 241 (1999), *reprinted at* <http://www.courts.state.tx.us/Judethics/241-250.htm> (stating that Code of Judicial Conduct restricts judge's freedom to force litigants to provide gifts or services to specified charities or organizations).

A county attorney's constitutional and statutory duty to prosecute criminal cases in his or her county traditionally provides the prosecutor broad discretion to determine not to prosecute an offense. *See* TEX. CONST. art. V, § 21 (requiring prosecutor to represent state in criminal cases within prosecutor's jurisdiction); TEX. CODE CRIM. PROC. ANN. arts. 2.01, .02 (Vernon Supp. 1999) (prescribing district and county attorneys' duties); *Meshell v. State,* 739 S.W.2d 246, 254 (Tex. Crim. App. 1987) (en banc) (recognizing "primary function" of district and county attorneys is to prosecute the state's pleas in criminal cases); *State v. Gray*, 801 S.W.2d 10 (Tex. App.–Austin 1990, no writ) (stating that responsibility for criminal prosecutions in Texas is vested in the district and county attorneys). "[T]he duty to prosecute . . . requir[es] the prosecuting attorney only to exercise a sound discretion, which permits refraining from prosecuting whenever the prosecutor in good faith thinks that a prosecution would not serve the best interests of the state . . . ." 63C AM. JUR. 2D *Prosecuting Attorneys* § 21, at 133-34 (1997); *see also* 2 WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 13.2(a), at 160 (1984); NATIONAL DISTRICT ATTORNEYS ASS'N, NATIONAL PROSECUTION STANDARDS 150, 152-53 (1st ed. 1977).

But you do not ask about a prosecutor's authority to refrain from prosecuting a violation of the law. *See United States v. Flowers*, 983 F. Supp. 159, 162 (E.D.N.Y. 1997) (and sources cited therein) (describing pretrial diversion or deferred prosecution as technique prosecutors have long used, whereby prosecutor keeps defendant out of criminal justice system but requires defendant to

---

[1]The legislature has before it a bill proposing to reletter subsection (g), added by Act of May 22, 1997, 75th Leg., R.S., ch. 593, § 6, 1997 Tex. Gen. Laws 2072, 2075, as subsection (h). *See* Tex. S.B. 1368, art. 19, § 19.01(17), 76th Leg., R.S. (1999).

rehabilitate self); 2 LaFave & Israel, Criminal Procedure, § 13.1(d), at 158-59 (1984) (describing pretrial diversion or deferred prosecution as alternative between formal adjudication and outright dismissal of charge). Rather, you ask about a prosecutor's authority to refrain from prosecuting a violation of the law contingent upon the offender's contribution to a governmental or nonprofit organization.

We conclude as a matter of law that a prosecutor may not agree with an offender to refrain from filing a complaint or information in exchange for the offender's contribution to a designated organization. We are not aware of any statute that generally permits a prosecutor to exact a donation from an offender, and you do not cite to any. Moreover, because of the potential for abusing such a practice, we are reluctant to imply authority in the absence of legislation expressly approving the practice.

Rather than this office divining prosecutorial discretion to engage in the practice you describe from the common law, the legislature should have the opportunity to consider whether to allow the practice and, if so, what restrictions to place on the practice. *But see Wood v. United States*, 622 A.2d 67, 70 (D.C. 1993) (discussing prosecutor's common-law authority to defer prosecution). Those states that explicitly authorize a prosecutor to divert an offender to a deferred prosecution program constrain the prosecutor's discretion. For example, some of the states that authorize a prosecutor to defer prosecution restrict the offenses for which deferred prosecution is an option. *See* Ind. Code Ann. § 33-14-1-7(a) (West 1996 & Supp. 1998); Mont. Code Ann. § 46-16-130(3) (1997); Tenn. Code Ann. § 40-15-105(a)(1)(B)(i) (1997 & Supp. 1998). Some require that the agreement be in writing and may require that the offender waive his or her constitutional right to a speedy trial. *See* Mont. Code Ann. § 46-16-130(1)(b), (c) (1997); Okla. Stat. Ann. tit. 22 § 305.2 (West 1991 & Supps. 1996 & 1997); Tenn. Code Ann. § 40-15-105(a)(1)(A), (a)(3) (1997 & Supp. 1998). Several limit the conditions to which an offender may be subject. *See* Ind. Code Ann. § 33-14-1-7(b) (West 1996 & Supp. 1998); Minn. Stat. Ann. § 388.24, subd. 3(1)-(8) (West 1997 & Supp. 1999); Mont. Code Ann. § 46-16-130(1)(a) (1997); Tenn. Code Ann. § 40-15-105(a)(2) (1997 & Supp. 1998). Two require that a pretrial diversion agreement be approved by a court. *See* Ind. Code Ann. § 33-14-1-7(c) (West 1996 & Supp. 1998); Mont. Code Ann. § 46-16-130(2) (1997). For other state statutes regulating the use of pretrial diversion agreements, *see* Ky. Rev. Stat. Ann. § 421.500(6) (Michie 1992 & Supp. 1998) (requiring prosecutor to consult victim on perpetrator's entry into pretrial diversion program); Neb. Rev. Stat. § 29-3603 (1995) ("Pretrial diversion plan; requirements"); Okla. Stat. Ann. tit. 22 §§ 305.1 -.6 (West 1991 & Supps. 1996 & 1997) ("Proceedings After Commitment: Deferred Prosecution").

## S U M M A R Y

A prosecutor, such as the Hopkins County Attorney, may not enter into an agreement with an offender whereby the prosecutor will "defer" prosecution in exchange for the offender's agreement to contribute money to an organization of the prosecutor's choice.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General