

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 3, 2003

The Honorable Ted G. Walker
Jasper County Criminal District Attorney
Jasper County Courthouse
121 North Austin, Room 101
Jasper, Texas 75951

Opinion No. GA-0095

Re: Whether, as a condition of community supervision, a court may require a defendant charged with a drug offense to pay a "flat-rate" fee into a "special investigation fund" or other fund designated by the court, with the proceeds divided and used by prosecutors and law enforcement agencies (RQ-0034-GA)

Dear Mr. Walker:

You ask whether, as a condition of community supervision, a court may require a defendant charged with a drug offense to pay a "flat-rate" fee into a "special investigation fund" or other fund designated by the court, with the proceeds divided and used by the local prosecutor's office and law enforcement agencies.[1]

You state that "[s]ome years ago" the Jasper County Criminal District Attorney's Office and the district court agreed to require certain defendant drug offenders who were put on community supervision, formerly known as "probation," to make a "flat-rate" payment that was divided between the criminal district attorney's office "and a now-defunct interlocal drug crime task force." Request Letter, *supra* note 1, at 1; *see* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3716-42 (changing the term "probation" to "community supervision"). By the term "flat-rate," you explain that the dollar amount of the payment corresponded with a particular drug offense and that only defendants who were arrested by the beneficiary drug task force would be assessed.[2] As you understand it, the fee's purpose "was to impose additional sanctions on those probationers as a means to further rehabilitation," although, you point out, the fee did not go to an entity providing rehabilitation services. Request Letter, *supra* note 1, at 1; Telephone Conversation, *supra* note 2. The court no longer assesses the payment. *See* Telephone Conversation, *supra* note 2.

---

[1]Letter from Honorable Ted G. Walker, Jasper County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Mar. 17, 2003) (on file with the Opinion Committee) [hereinafter Request Letter].

[2]Telephone conversation with Kollin Shadel, Jasper County Assistant Criminal District Attorney (July 15, 2003) [hereinafter Telephone Conversation].

Article 42.12 of the Code of Criminal Procedure places the responsibility for determining the conditions of a particular defendant's community supervision "wholly within" the state court having jurisdiction of the defendant. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 1 (Vernon Supp. 2003); *see also id.* § 2(1)-(2) (defining the term "court"). The term "community supervision" encompasses "a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which" the court either defers criminal proceedings without adjudicating the defendant's guilt or probates "a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine" and suspends the sentence in whole or in part. *Id.* § 2(2); *see also id.* §§ 3(a), 4(a), 5(a) (defining circumstances in which defendant may be placed on community supervision).

The court may, in accordance with section 11(a), "impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." *Id.* § 11(a). Section 11(a) expressly enumerates several monetary obligations that a judge may impose:

> Conditions of community supervision may include, but shall not be limited to, the conditions that the defendant shall:
>
> . . .
>
> (8) Pay his fine . . . and all court costs . . . ;
>
> (9) Support his dependents;
>
> . . .
>
> (11) Reimburse the county in which the prosecution was instituted for compensation paid to appointed counsel for defending him in the case . . . ;
>
> (12) . . . [P]ay a percentage of his income to [a community corrections facility] for room and board;
>
> (13) Pay a percentage of his income to his dependents for their support while under custodial supervision in a community corrections facility;
>
> . . .
>
> (18) Reimburse the general revenue fund for any amounts paid from that fund to a victim . . . of the defendant's offense or if no reimbursement is required, make one payment to the fund in an amount not to exceed $50 if the offense is a misdemeanor or not to exceed $100 if the offense is a felony;

(19) Reimburse a law enforcement agency for [analyzing, storing, or disposing] of raw materials, controlled substances, chemical precursors, drug paraphernalia, or other materials seized in connection with the offense;

(20) Pay all or part of the reasonable and necessary costs incurred by the victim for psychological counseling made necessary by the offense or for counseling and education relating to acquired immune deficiency syndrome or human immunodeficiency virus made necessary by the offense; [and]

(21) Make one payment in an amount not to exceed $50 to a crime stoppers organization . . . .

*Id.* § 11(a).  A defendant accused of a crime to which "drug or alcohol abuse significantly contributed" also may be ordered, under section 14(c), to pay a portion of substance abuse treatment costs.  *See id.* § 14(c); *see also id.* §§ 11(g)-(h), 19(a), (e)-(g) (authorizing other payments for particular offenses).

Section 11(b) restricts a court's authority to require a defendant to make a payment as a condition of community supervision, however: "A judge may not order a defendant to make any payments as a term or condition of community supervision, except for fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant or otherwise expressly authorized by law." *Id.* § 11(b); *see also Busby v. State*, 984 S.W.2d 627, 629-30 (Tex. Crim. App. 1998) (en banc) (stating that section 11(b) limits the conditions that section 11(a) authorizes).

As a preliminary matter, we do not read subsection (b) to require a court to find that a desired fine, court cost, or restitution will relate personally to the defendant's rehabilitation.  The phrase "related personally to the rehabilitation of the defendant" does not modify each of the preceding types of payments: "fines," "court costs," "restitution," and "other payments." Rather, the phrase modifies only "other conditions." Fines, by definition, are intended to punish a wrongdoer. *See United States v. Jimenez*, 600 F.2d 1172, 1174 (5th Cir. 1979). Restitution to the victim is intended to redress the wrongs the victim has suffered. *See Nunez v. State*, 27 S.W.3d 210, 217 (Tex. App.–El Paso 2000, no pet.). Neither relates personally to a defendant's rehabilitation.

In *Busby v. State*, a 1998 case, the Texas Court of Criminal Appeals construed section 11(b) to prohibit a court order to pay the costs of prosecution. *See Busby*, 984 S.W.2d at 631. *Busby* determined that, despite section 11(b), a court has no authority to order a defendant placed on community supervision to reimburse the county for the costs of the attorney pro tem who prosecuted the case after the district attorney recused himself. *See id.* at 630-31. According to the court, if the legislature had intended to permit a court to order a defendant on community supervision to pay prosecution costs as costs of court, it would have done so expressly. First, the court pointed out that article 42.12, section 11(a)(11) expressly authorizes a court to require a defendant to reimburse the

county that prosecuted the case for the costs of the court-appointed defense counsel or public defender. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(11) (Vernon Supp. 2003). Second, the court suggested, the public policy against having a defendant pay the costs of prosecution is so entrenched that the legislature would not alter it by implication:

> The public policy of having the defendant bear the costs of the defense attorney is a familiar part of our legal system. A public policy of having defendants reimburse the state for the costs of the prosecuting attorney would be a novelty, one which we will not impute to the legislature on such tenuous statutory language as that which the [s]tate has presented.

*Busby*, 984 S.W.2d at 631.

The payment you describe is not "otherwise expressly authorized by law." Nothing in article 42.12, nor in any other statute of which we are aware, expressly authorizes a court to require this type of payment as a condition of community supervision. You do not suggest that article 42.12, section 11(a)(19), under which a court may order a defendant to reimburse the law enforcement agency that analyzed, stored, or disposed "of raw materials, controlled substances, chemical precursors, drug paraphernalia, or other materials seized in connection with the offense," authorizes the portion of the payment that is designated for law enforcement purposes. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 11(a)(19), 14(c) (Vernon Supp. 2003); *see* Request Letter, *supra* note 1, at 1-2. Neither chapter 102 of the Code of Criminal Procedure, which lists several costs to be paid by defendants, nor chapter 362 of the Local Government Code, under which certain local governments have established drug task forces, expressly authorizes such a payment. *See Chavez v. State*, 9 S.W.3d 817, 818 (Tex. Crim. App. 2000) (en banc) (indicating that local governments had formed regional anti-drug abuse task force under section 362.002(b), Local Government Code); Tex. Att'y Gen. Op. No. JM-0853 (1988) at 3 (determining that, though statutes recognize crime-stoppers organizations' existence, "a probation condition requiring a" defendant to donate to such an organization "cannot, in the absence of a more specific statutory mandate, be said to be . . . 'expressly authorized by statute'"). *See generally* TEX. CODE CRIM. PROC. ANN. ch. 102 (Vernon 2003); TEX. LOC. GOV'T CODE ANN. § 362.002(b) (Vernon 1999) (authorizing local governments to establish "a mutual aid law enforcement task force to cooperate in criminal investigations and law enforcement"). Finally, no statute specifically providing for criminal district attorneys in general nor the Jasper County Criminal District Attorney in particular expressly authorizes imposing such a payment. *See* TEX. GOV'T CODE ANN. §§ 41.005, 44.221 (Vernon 1988); *see also id.* § 41.004 (Vernon Supp. 2003) (forbidding district attorney from taking "from any person a fee, article of value, compensation, reward, or gift . . . to prosecute a case that he is required by law to prosecute").

Consequently, if the payment is authorized at all, it must be a fine, court cost, restitution, or other payment "related personally" to the defendant's rehabilitation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(b) (Vernon Supp. 2003). This payment is not a fine because the legislature has not expressly prescribed it. *See Pennington v. Singleton*, 606 S.W.2d 682, 690 (Tex. 1980) (stating that, "[g]enerally, prescribing fines" is within legislature's discretion); *State v. Laredo Ice Co.*, 73 S.W.

951, 953 (Tex. 1903) ("Prescribing fines and other punishments . . . is a matter peculiarly within" the legislature's "power and discretion."); *see also League v. State*, 716 S.W.2d 112, 114 (Tex. App.–Dallas 1986, no writ) (holding that the trial court erred by imposing a fine of $350, where the maximum fine allowed by statute was $200). For example, chapter 12 of the Penal Code sets out permissible fine ranges for criminal offenses generally. *See* TEX. PEN. CODE ANN. §§ 12.21(1), 12.22(1), 12.23, 12.32(b), 12.33(b), 12.34(b), 12.35(b) (Vernon 2003). Chapter 481, subchapter D of the Health and Safety Code sets out permissible fine ranges for various offenses related to the manufacture, delivery, possession, or transport of controlled substances. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(e)-(f), 481.115(f), 481.120(b)(6) (Vernon 2003). Nor is the payment a court cost, as the Texas Court of Criminal Appeals explained in *Busby* when it considered an analogous community supervision condition. *See Busby*, 984 S.W.2d at 630. And, obviously, the payment is not restitution to the victim, as the victim receives none of the money. Thus, to be a permissible condition, it must be an "other condition[] related personally" to the defendant's rehabilitation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(b) (Vernon Supp. 2003). You suggest, however, that, because none of the money goes to entities that may assist in rehabilitating the defendant, the payment cannot relate personally to the defendant's rehabilitation. *See* Telephone Conversation, *supra* note 2.

Busby* clearly requires a conclusion that this payment is not, as a matter of law, related to a defendant's rehabilitation and is, therefore, impermissible under section 11(b). As *Busby* suggests, the language of subsection (b) is not express enough to be read to permit a court to "reimburse the state for" the prosecuting attorney's costs. *See Busby*, 984 S.W.2d at 631. For similar reasons, a court likely would conclude that a payment to law enforcement for unspecified purposes is not "related personally" to a defendant's rehabilitation.

We conclude that a court may not require a defendant placed on community supervision to make a payment, as a condition of community supervision, to be divided between the local prosecutor's office and local law enforcement.

## S U M M A R Y

Under article 42.12, section 11(b) of the Code of Criminal Procedure, a court may require a defendant to make a payment as a condition of community supervision, but only if the payment is a fine, court cost, restitution to the victim, a "condition related personally" to the defendant's rehabilitation, or another payment expressly authorized by law. A required payment for unspecified use, to be divided between the local prosecutor's office and local law enforcement, is not a "condition related personally" to the defendant's rehabilitation under the statute.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee