January 17, 2008

The Honorable Jesusa Sanchez-Vera
Jim Wells County Attorney
Post Office Drawer 2080
Alice, Texas 78333

Opinion No. GA-0593

Re: Court's authority to modify the conditions of probation to allow probationers to pay a fee in lieu of community service hours not performed (RQ-0604-GA)

Dear Ms. Sanchez-Vera:

You ask on behalf of the Judge of the 79th Judicial District Court about a court's authority to modify the conditions of probation to allow a probationer to pay a fee in lieu of community service hours not performed.[1] The judge of that court informed you that the Jim Wells Community Supervision and Corrections Department (the "CSCD") had asked him to "allow for the modification of the conditions of probation to permit certain qualified probationers to pay a set fee per hour (suggested minimum wage of $5.15) for community service hours not performed."[2] The judge observed that a community service requirement may "create an economic hardship on probationers that may result in the loss of valued employment," but questioned whether a court has authority to substitute payment of a fee in lieu of community service. Judge Terrell Letter, *supra* note 2, at 1–2.

## I. Applicable Law

### A. General Probation Authority

Courts do not have inherent power to impose probation. *See Busby v. State*, 984 S.W.2d 627, 628 (Tex. Crim. App. 1998). Rather, judicial authority to grant probation is subject to legislative regulation. *See id.* Probation is governed by article 42.12 of the Code of Criminal Procedure, which

---

[1]*See* Letter from Honorable Jesusa Sanchez-Vera, Jim Wells County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (July 17, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Honorable Richard C. Terrell, District Judge, 79th Judicial District Court, to Honorable Jesusa Sanchez-Vera, Jim Wells County Attorney, at 1 (May 22, 2007) (attached to Request Letter) [hereinafter Judge Terrell Letter].

uses the term "community supervision" to refer to probation in its various forms. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp. 2007).[3]

Courts generally have broad discretion over the conditions of probation. *See id.* § 1 ("It is the purpose of this article to place wholly within the state courts the responsibility for determining . . . the conditions of" probation). Accordingly, section 11(a) provides that the proper court has discretion to "impose *any reasonable* condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." *Id.* § 11(a) (emphasis added). Section 11(a) lists conditions of probation that a court may impose in a particular case. *Id.* While the list of conditions is nonexclusive and the court's discretion to impose conditions is generally broad, some of section 11(a)'s "enumerated conditions actually may be understood as limitations on the court's authority to impose conditions of those types." *Kesaria v. State*, 189 S.W.3d 279, 283 (Tex. Crim. App. 2006).

A court's discretion to modify conditions is also generally broad. *Ex parte Alakayi*, 102 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). A court "may, at any time, during the period of [probation] alter or modify the conditions" of probation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (Vernon Supp. 2007).[4] And "after the defendant has satisfactorily completed one-third of the original [probation] period or two years of [probation], whichever is less, the period of [probation] may be reduced or terminated by the judge." *Id.* § 20(a).[5]

---

[3]In *Holcomb v. State*, the court observed that the interchangeable use of the terms "probation" and "community supervision" is widely accepted. *See Holcomb v. State*, 146 S.W.3d 723, 733 n.7 (Tex. App.—Austin 2004, no pet.). The court further explained that community service under article 42.12 includes constitutionally derived probation as well as deferred adjudication probation. *See id.* at 733 & n.8 (citing TEX. CONST. art. IV, § 11A). *See generally* 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 39.01 (2d ed. West 2001).

[4]The court may grant a probation officer authority to modify conditions of probation "for the limited purpose of transferring the defendant to different programs within the community supervision continuum of programs and sanctions." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 10(d) (Vernon Supp. 2007).

[5]For defendants initially placed on probation on or after September 1, 2007, the court is required to consider reducing or terminating the period of probation:

> On completion of one-half of the original community supervision period or two years of community supervision, whichever is more, the judge shall review the defendant's record and consider whether to reduce or terminate the period of community supervision, unless the defendant is delinquent in paying required restitution, fines, costs, or fees that the defendant has the ability to pay or the defendant has not completed court-ordered counseling or treatment. . . . If the judge determines that the defendant has failed to satisfactorily fulfill the conditions of community supervision, the judge shall advise the defendant in writing of the requirements for satisfactorily fulfilling those conditions.

*Id.* § 20(a); *see* Act of May 21, 2007, 80th Leg., R.S., ch. 1205, § 6, 10, 2007 Tex. Gen. Laws 4078, 4080–81 (House Bill 1678 amending section 20(a)).

### B.     Community Service as a Condition of Probation

Community service is expressly authorized as one of the conditions of probation that a court may impose. *Id.* § 11(a)(10), § 16(a). The main provision concerning community service, section 16(a), was amended by the Eightieth Legislature in 2007 by House Bill 1678 ("House Bill 1678"), but the amendment preserves the prior law for defendants initially placed on probation prior to September 1, 2007.[6] For defendants subject to the prior law, section 16(a) makes performance of community service a mandatory condition of probation unless the court finds and notes in the order that:

> (1)   the defendant is physically or mentally incapable of participating in the project;

> (2)   participating in the project will work a hardship on the defendant or the defendant's dependents;

> (3)   the defendant is to be confined in a substance abuse punishment facility as a condition of community supervision; or

> (4)   there is other good cause shown.

Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, sec. 16(a), 1993 Tex. Gen. Laws 3586, 3734–35 (law prior to House Bill 1678's amendment to section 16(a)). The prior law also mandates the minimum and maximum hours of community service imposed according to the classification of the offense and other circumstances. *Id.* sec. 16(b).

For defendants placed on probation on or after September 1, 2007, however, section 16(a) makes community service as a condition of probation largely a discretionary decision of the court, and eliminates the minimum hours of community service a defendant must perform.[7] TEX. CODE CRIM. PROC. ANN. art. 42.12, § 16(a) (Vernon Supp. 2007) (as amended by House Bill 1678). In another bill, the Eightieth Legislature amended article 42.12, section 16 to authorize a judge to order

---

[6]*See* Act of May 21, 2007, 80th Leg., R.S., ch. 1205, §§ 5, 10, 2007 Tex. Gen. Laws 4078, 4079, 4081 (House Bill 1678 amending section 16(a)).

[7]*See id.* While House Bill 1678 amended section 16(a) of the Code of Criminal Procedure to provide that a court "may" impose a community service requirement on a probationer instead of "shall," the bill does not address a number of statutes that arguably mandate imposing a community service requirement in specific circumstances. *See, e.g.,* TEX. HEALTH & SAFETY CODE ANN. § 161.253(c) (Vernon 2001) (providing that a court "shall require the defendant to perform eight to 12 hours of tobacco-related community service" in certain circumstances); TEX. LOC. GOV'T CODE ANN. § 352.082(d) (Vernon 2005) (requiring community service for offense of burning refuse under circumstances described); TEX. TRANSP. CODE ANN. § 521.350(d) (Vernon 2007) (providing that a defendant whose license has been suspended for an offense related to racing a motor vehicle on a public highway or street "shall be required by the court in which the person was convicted to perform at least 10 hours of community service"); *see also Kesaria,* 189 S.W.3d at 284 (noting statutes that require a court to impose certain conditions on persons convicted of certain offenses).

a defendant to make a specified donation to a local food bank or food pantry in lieu of community service, applicable without regard to when a defendant was initially placed on probation. *Id.* § 16(f).[8]

### C.     Monetary Payment as a Condition of Probation

Section 11(a)'s nonexclusive list of basic conditions of probation includes conditions which, if imposed, require a probationer to make specified payments, such as the payment of fines and court costs, reimbursement of appointed counsel costs, or the payment to a crime stoppers organization. *See, e.g., id.* § 11(a)(8), (11), (21). But section 11(b) limits a court's discretion to order a payment as a condition of community supervision:

> A judge may not order a defendant to make any payments as a term or condition of community supervision, except for fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant or otherwise expressly authorized by law. The court shall consider the ability of the defendant to make payments in ordering the defendant to make payments under this article.

*Id.* § 11(b).

### II.     Analysis

As noted above, section 16(f) of article 42.12 authorizes a judge to order as a condition of probation that a defendant make a specified donation to a local food bank or food pantry in lieu of community service. *Id.* § 16(f). No other statute expressly authorizes a court to substitute a monetary payment requirement in lieu of community service, such as a requirement of a fee payment for CSCD purposes. But in light of the court's broad authority to modify conditions of probation, we consider separately (1) whether a court may modify the conditions of probation to eliminate a community service requirement, and (2) whether a court may modify the conditions of probation to require the defendant to make a payment.

### A.     Authority to Eliminate Community Service from the Conditions of Probation

As a result of the 2007 amendment to section 16(a), a court's discretion to modify the conditions of probation to eliminate community service depends in part on when the defendant was initially placed on probation. For a defendant placed on probation prior to September 1, 2007, the performance of community service for a minimum number of hours is generally a mandatory condition of probation.[9] But a court has authority to modify conditions of probation at any time. *Id.*

---

[8]Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 8, 2007 Tex. Gen. Laws 4395, 4398 (Senate Bill 909 adding section 16(f)).

[9]*See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.01, sec. 16(a), 1993 Tex. Gen. Laws 3586, 3734–35 (prior version of section 16(a)).

§ 10(a). If a court initially orders a defendant to participate in a community service program but later determines that the defendant qualifies for one of the exceptions to mandatory probation, such as incapacity, hardship, or other "good cause," a court may exercise its discretion to eliminate a community service requirement from the conditions of probation. *See id.* §§ 10(a), 16(a). If a court originally ordered a defendant to perform hours of community service in excess of the minimum required by statute, a court may later exercise its discretion to modify conditions of probation and relieve the defendant of the obligation to perform hours above the minimum. *See id.* §§ 10(a), 16(b). And under appropriate circumstances, a court may reduce the *period* of probation or terminate it altogether. *See id.* § 20(a). But that statute does not authorize a court to selectively eliminate the mandatory minimum hours of community service specified by statute.

For a defendant placed on probation on or after September 1, 2007, however, a court has discretion generally to decide whether to impose community service in the initial conditions of probation. *Id.* § 16(a). For defendants subject to the current version of section 16(a), a court generally has discretion to modify the conditions of probation to eliminate a community service requirement. *See id.* §§ 11(a), 16(a). Thus, whether a court's authority to modify the conditions of probation under section 11(a) would allow a court to eliminate a community service requirement depends on the particular facts and circumstances and the version of section 16(a) applicable to the defendant.

## B.    Authority to Impose Payment

Next, we consider whether a court may modify the conditions of probation to include a requirement that the defendant make a monetary payment. The court's authority to modify conditions under section 11(a) is subject to section 11(b), which limits the kinds of monetary payment requirements that a court may include in the conditions of probation. *See id.* § 11(a)–(b); *see also Busby*, 984 S.W.2d at 629–30 (holding that "[s]ubsection 11(b) acts as a limitation on the conditions that are authorized by subsection 11(a)"); *Martin v. State*, 874 S.W.2d 674, 677 (Tex. Crim. App. 1994) (observing that section 11(a) contains a broad grant of authority but section 11(b) "imposes limitations on the types of payments that can be ordered as a condition of probation"). Although you have not specified the nature of the "fee payment" you envision, under section 11(b) a court may not order payment as a condition of probation unless it constitutes a fine, court costs, restitution to the victim, a condition related personally to the rehabilitation of the defendant, or a condition otherwise expressly authorized by law. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(b) (Vernon Supp. 2007). Thus, we will make some general observations about the kinds of payments that section 11(b) allows.

Section 22 specifically addresses a court's authority to modify conditions of probation by increasing the fine. After a hearing under section 21, a court may impose as an additional condition of probation an increase in the defendant's fine, up to a total fine that does not exceed the maximum fine for the offense for which the defendant was sentenced. *See* TEX. CODE CRIM. PROC. ANN. art.

42.12, § 22(a)(3), (d) (Vernon Supp. 2007).[10] The increase is to be used "for the same purposes for which state aid may be used under Chapter 76, Government Code," which governs CSCDs generally. *See id.* § 22(d); *see also* TEX. GOV'T CODE ANN. §§ 76.001–.018 (Vernon 2005 & Supp. 2006) (chapter 76).

A condition requiring a defendant to pay "court costs" under section 11(b) is limited to costs expressly authorized by law. *See Busby v. State*, 951 S.W.2d 928, 930 (Tex. App.—Austin 1997) (holding that "the matter of costs in criminal cases is purely statutory" and that a district judge "may not impose a cost for a service for which a cost is not expressly provided by law"), *aff'd*, 984 S.W.2d 627, 630 (Tex. Crim. App. 1998). And the authority to require payment as "restitution to the victim" is limited to the stated purpose. *See Uresti v. State*, 98 S.W.3d 321, 337 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that Houston police department was not a "victim" authorized to receive restitution of its investigation expenses).

No court has precisely defined what payments a defendant may be required to pay as "conditions related personally to the rehabilitation of the defendant" under section 11(b). Several of the conditions authorized in section 11 would seem to qualify. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 11(a)(15) (Vernon Supp. 2007) (condition requiring a defendant to participate in substance abuse counseling sessions or treatment services), 11(i) (condition requiring certain sex offenders to submit to and pay for treatment, specialized supervision, or rehabilitation), 13(d) (condition requiring defendant convicted of DWI offense to participate and pay for a prescribed course of conduct necessary for the rehabilitation of the defendant's drug or alcohol dependence condition). A condition requiring a payment for general purposes of the county or a CSCD likely would not be sustained as a payment "related personally to the rehabilitation of the defendant" under section 11(b). *Id.* § 11(b); *cf. Keith v. State*, 916 S.W.2d 602, 608 (Tex. App.—Amarillo 1996, no pet.) (holding that requirement that defendant convicted of indecency with child pay $1,000 to Abused Children's Counseling Fund was not authorized under section 11(b)).

---

[10]Section 21 provides for a hearing on warrant for violation of any of the conditions of probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon Supp. 2007).

**S U M M A R Y**

  A court does not have general authority to modify the conditions of probation to require the probationer to pay a fee to be used for community supervision and correction department purposes in lieu of performing community services.

  Under appropriate circumstances, a court may modify conditions of probation to eliminate a condition requiring the performance of community services. A court may modify conditions of probation to require a probationer to make a specified donation to a local food bank or food pantry in lieu of community service. And a court may modify the conditions of probation to require a payment only if the payment is expressly authorized by law or constitutes a fine, court costs, restitution to the victim, or a condition related personally to the rehabilitation of the defendant.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee