TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00034-CR







Donald L. Busby, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,932, HONORABLE NORMAN LANFORD, JUDGE PRESIDING






PER CURIAM

Appellant pleaded guilty to misapplying fiduciary property. See Tex. Penal Code Ann. §
32.45 (West 1994). (1) The district court adjudged appellant guilty and assessed punishment at imprisonment
for ten years, but suspended imposition of sentence and placed him on community supervision. Appellant
challenges two of the conditions of supervision ordered by the district court.

Condition eleven orders appellant to pay court costs totaling $230,926.71. Contained in
these costs is $230,695.21 paid by Bell County to the prosecutor pro tem appointed to represent the State
in this cause. See Tex. Code Crim. Proc. Ann. art. 2.07(a) (West 1977). Appellant challenges both the
legal authority of the district court to order payment of the prosecutor's fees and the evidentiary support
for the amount ordered. We agree with appellant that the court was not legally authorized to order this
payment and therefore will not reach the evidence point.

Trial courts are generally authorized to impose any reasonable condition of community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 1997). A court may not,
however, order a defendant to make any payments as a term or condition of supervision except for fines,
court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the
defendant or otherwise expressly authorized by law. Id. § 11(b). Section 11(b) is a limitation on the
general grant of authority contained in section 11(a). Martin v. State, 874 S.W.2d 674, 677 (Tex. Crim.
App. 1994). Only those payments permitted by section 11(b) may be ordered as supervisory conditions. 
Id.; see Keith v. State, 916 S.W.2d 602, 608 (Tex. App.--Amarillo 1996, no pet.) (defendant may not
be ordered to make payment to abused children's counselling fund as condition of supervision); Armijo
v. State, 751 S.W.2d 950, 954 (Tex. App.--Amarillo 1988, no pet.) (defendant may not be ordered to
pay costs of investigating crime as condition of supervision). Clearly, ordering appellant to reimburse the
county for the fees paid to the prosecutor pro tem cannot be justified as a fine, restitution to the victim, or
personal rehabilitation expense. The question presented is whether the attorney fees were properly
considered a court cost or if ordering appellant to pay the fees was otherwise expressly authorized by law.

The matter of costs in criminal cases is purely statutory. Dunn v. State, 683 S.W.2d 729,
730 (Tex. App.--Amarillo 1984, pet. ref'd); see Lay v. State, 202 S.W. 729 (Tex. Crim. App. 1918)
(no fee may be charged to State or defendant except where authorized by statute). An officer may not
impose a cost for a service for which a cost is not expressly provided by law. Tex. Code Crim. Proc. Ann.
art. 103.002 (West Supp. 1997). A district judge is an "officer." See Tex. Code Crim. Proc. Ann. art.
2.09 (West Supp. 1997) (district judge is magistrate), art. 3.03 (West 1977) (term "officers" includes
magistrates). With one exception not applicable to this cause, chapters 102 and 103 of the Texas Code
of Criminal Procedure, governing the imposition and collection of costs in criminal cases, do not require
a defendant to pay for the prosecutor's services. (2) 

The State argues that the fees paid to a prosecutor pro tem are court costs under the terms
of articles 2.07(c) and 26.05(d). Tex. Code Crim. Proc. Ann. art. 2.07(c) (West 1977), art. 26.05(d)
(West 1989). Article 2.07(c) provides that an appointed prosecutor pro tem who is not an assistant
attorney general or a county, district, or criminal district attorney shall receive compensation "in the same
amount and manner as an attorney appointed to represent an indigent person." Article 26.05(d) provides
that all payments made to attorneys appointed to represent indigent criminal defendants shall be made from
the general fund of the county "and may be included as costs of court." The State reasons that because
the prosecutor pro tem in this cause was a private attorney and was therefore to be paid in the same
manner as appointed defense attorneys, the payments made to her were properly included as costs of
court.

The manner of payment referred to by article 2.07(c) is the procedure by which a
prosecutor pro tem is to be paid by the county. The phrase "manner of payment" cannot reasonably be
interpreted to encompass the question whether a defendant may be made to reimburse the county for all
or part of the prosecutor's fees. Article 26.05(d), while expressly permitting the payments made to
appointed defense counsel to be included as costs of court, is silent with respect to the fees paid to a
prosecutor pro tem. Read individually or together, articles 2.07(c) and 26.05(d) do not authorize the fees
paid to a prosecutor pro tem to be included as court costs. The district court was not authorized to treat
the fees paid to the prosecutor pro tem as a cost of court to be paid by appellant as a condition of
supervision.

Alternatively, the State argues that article 42.12, section 11(a)(11), read together with
article 2.07(c), authorized the district court to order appellant to reimburse the county for the fees paid to
the prosecutor pro tem. Code Crim. Proc. art. 42.12, § 11(a)(11). Section 11(a)(11) permits a trial court
to order a defendant, as a condition of supervision, to reimburse the county for the compensation paid to
appointed defense counsel. Again, the State argues that because the prosecutor pro tem in this cause was
to be paid in the same manner as appointed defense counsel, the district court was authorized by section
11(a)(11) to order appellant to reimburse the county for the compensation paid to the prosecutor. This
argument fails for the same reason the State's previous argument failed. Article 2.07(c) governs the manner
by which a prosecutor pro tem is paid by the county. It does not speak to the question of reimbursement
by the defendant.

All payments ordered as a condition of supervision must be expressly authorized by law. 
Art. 42.12, § 11(b); Martin, 874 S.W.2d at 677. For the reasons stated, we hold that the district court
was not expressly authorized to order appellant, as a condition of supervision, to pay the prosecutor pro
tem's fees as a cost of court or to otherwise reimburse the county for those fees. To this extent, points of
error two and three are sustained. We do not reach point of error one, by which appellant contends the
evidence does not support reimbursement in the amount ordered.

Appellant's fourth point of error is that there is no evidence to support the twelfth condition
of supervision, which requires him to pay $55,683.77 in restitution to the injured party. While a trial court
is authorized to order restitution as a condition of supervision, due process requires that there be a factual
basis in the record for the amount of restitution ordered. Martin, 874 S.W.2d at 676; Wooley v. State,
629 S.W.2d 867, 870 (Tex. App.--Austin 1982, pet. ref'd).

A presentence investigation report was prepared in this cause at appellant's request. 
Among other things, a presentence report describes for the trial court the circumstances of the offense and
specifies the amount of restitution necessary to adequately compensate the victim. Tex. Code Crim. Proc.
Ann. art. 42.12, § 9(a) (West Supp. 1997). The statute obviously contemplates that the court will consider
the presentence report when deciding whether and under what conditions to grant community supervision. 
The Code of Criminal Procedure elsewhere authorizes consideration of a presentence report when the
court assesses punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (West Supp. 1997). The
contents of a presentence report may be considered by the court even if the report was not formally
introduced in evidence. Montgomery v. State, 876 S.W.2d 414, 416 (Tex. App.--Austin 1994, pet.
ref'd); Mayfield v. State, 757 S.W.2d 871, 875 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd).

According to the presentence report in this cause, appellant, who at the time of the offense
was a licensed attorney, misapplied $300,000 in insurance proceeds he held in trust for a client. With
respect to the question of restitution, the report stated that the client was still owed $55,683.77 in interest
on the trust account. A copy of the presentence report was given to appellant and his attorney and they
were permitted to make factual additions or corrections. Art. 42.12, § 9(d), (e). At the punishment
hearing, appellant's counsel specifically addressed the question of restitution and did not dispute the factual
accuracy of the report. The district court took judicial notice of the contents of the presentence report on
the State's motion and without objection by appellant. Under identical circumstances, a presentence report
has been held sufficient to sustain a restitution order. Mayfield, 757 S.W.2d at 875.

The State introduced numerous documents in evidence. Among them was the transcription
of appellant's deposition taken during professional disciplinary proceedings. In the deposition, appellant
admitted that he kept his client's money for three years, during which time he applied the money to his own
personal use. Appellant also stated that the client did not receive interest on the money during this period.

We hold that the restitution portion of the presentence report, the accuracy of which was
not disputed by appellant, and the other evidence in this cause adequately supports the restitution order. 
Point of error four is overruled.

The eleventh condition of community supervision is reformed to delete the requirement that
appellant pay $230,695.21 in attorney fees. As reformed, the judgment of conviction, including the order
to pay $55,683.77 in restitution, is affirmed.


Before Justices Powers, Jones and Kidd

Reformed and, as Reformed, Affirmed

Filed: August 28, 1997

Publish

1. Amendments to this statute since the offense was committed are irrelevant to the appeal.
2. The exception is art. 102.008. Tex. Code Crim. Proc. Ann. art. 102.008 (West Supp. 1997). This
statute requires a defendant convicted of a misdemeanor or a gambling offense to pay a $25 fee for the
trying of the case by the district or county attorney. If a prosecutor pro tem is appointed, the appointed
prosecutor is entitled to the fee.


the prosecutor. This
argument fails for the same reason the State's previous argument failed. Article 2.07(c) governs the manner
by which a prosecutor pro tem is paid by the county. It does not speak to the question of reimbursement
by the defendant.

All payments ordered as a condition of supervision must be expressly authorized by law. 
Art. 42.12, § 11(b); Martin, 874 S.W.2d at 677. For the reasons stated, we hold that the district court
was not expressly authorized to order appellant, as a condition of supervision, to pay the prosecutor pro
tem's fees as a cost of court or to otherwise reimburse the county for those fees. To this extent, points of
error two and three are sustained. We do not reach point of error one, by which appellant contends the
evidence does not support reimbursement in the amount ordered.

Appellant's fourth point of error is that there is no evidence to support the twelfth condition
of supervision, which requires him to pay $55,683.77 in restitution to the injured party. While a trial court
is authorized to order restitution as a condition of supervision, due process requires that there be a factual
basis in the record for the amount of restitution ordered. Martin, 874 S.W.2d at 676; Wooley v. State,
629 S.W.2d 867, 870 (Tex. App.--Austin 1982, pet. ref'd).

A presentence investigation report was prepared in this cause at appellant's request. 
Among other things, a presentence report describes for the trial court the circumstances of the offense and
specifies the amount of restitution necessary to adequately compensate the victim. Tex. Code Crim. Proc.
Ann. art. 42.12, § 9(a) (West Supp. 1997). The statute obviously contemplates that the court will consider
the presentence report when deciding whether and under what conditions to grant community supervision. 
The Code of Criminal Procedure elsewhere authorizes consideration of a presentence report when the
court assesses punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (West Supp. 1997). The
contents of a presentence report may be considered by the court even if the report was not formally
introduced in evidence. Montgomery v. State, 876 S.W.2d 414, 416 (Tex. App.--Austin 1994, pet.
ref'd); Mayfield v. State, 757 S.W.2d 871, 875 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd).

According to the presentence report in this cause, appellant, who at the time of the offense
was a licensed attorney, misapplied $300,000 in insurance proceeds he held in trust for a client. With
respect to the question of restitution, the report sta