TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00756-CR







Donald L. Busby, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,934, HONORABLE OLIVER KELLY, JUDGE PRESIDING








 Appellant Donald Lee Busby entered a plea of guilty to the offense of
misapplication of fiduciary property and was granted community supervision. On July 7, 1997,
the trial court heard the State's motion to revoke appellant's community supervision. The court
refused to revoke and continued appellant on community supervision, but amended the conditions
of community supervision ordering appellant to "[p]ay court costs in the amount of $283,050.21
dollars to the Community Supervision officer, to be paid $2,600 per month beginning 9-1-97
($156.50 court costs, $282,863.71 Attorney fees, $30.00 pre-sentence Investigation fee)." The
attorney fees were to reimburse Bell County for payment of a special prosecutor's fee.

 In this appeal, appellant asserts that the trial court did not have lawful authority to
order the payment of the special prosecutor's fee either as court costs or as a condition of
community supervision. We agree. These same issues have been decided in appellant's favor in
a companion case. This Court held in the companion case that appellant could not be required to
reimburse the county for a special prosecutor's fee either as court costs or as a condition of
probation. See Busby v. State, 951 S.W.2d 928 (Tex. App.--Austin 1997, pet. granted). The
Court of Criminal Appeals affirmed the judgment of this Court. See Busby v. State, 984 S.W.2d
627 (Tex. Crim. App. 1998).

 The eleventh condition of community supervision is reformed to delete the
requirement that appellant pay $282,863.71 in attorney fees. As reformed, the order of the trial
court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Reformed and, as Reformed, Affirmed

Filed: April 22, 1999

Do Not Publish







* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



>



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00756-CR







Donald L. Busby, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,934, HONORABLE OLIVER KELLY, JUDGE PRESIDING








 Appellant Donald Lee Busby entered a plea of guilty to the offense of
misapplication of fiduciary property and was granted community supervision. On July 7, 1997,
the trial court heard the State's motion to revoke appellant's community supervision. The court
refused to revoke and continued appellant on community supervision, but amended the conditions
of community supervision ordering appellant to "[p]ay court costs in the amount of $283,050.21
dollars to the Community Supervision officer, to be paid $2,600 per month beginning 9-1-97
($156.50 court costs, $282,863.71 Attorney fees, $30.00 pre-sentence Investigation fee)." The
attorney fees were to reimburse Bell County for payment of a special prosecutor's fee.

 In this appeal, appellant asserts that the trial court did not have lawful authority to
order the payment of the special prosecutor's fee either as court costs or as a condition of
community supervision. We agree. These same issues have been decided in appellant's favor in
a companion case. This Court held in the companion case that appellant could not be required to
reimburse the county for a special prosecutor's fee either as court costs or as a condition of
probation. See Busby v. State, 951 S.W.2d 928 (Tex. App.--Austin 1997, pet. granted). The
Court of Criminal Appeals affirmed the judgment of this Court. See Busby v. State, 984 S.W.2d
627 (Tex. Crim. App. 1998).

 The eleventh condition of community supervision is reformed to delete the
requirement that appellant pay $282,863.71 in attorney fees. As reformed, the order of the trial
court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Reformed and, as Reformed, Affirmed

Filed: April 22, 1999

Do Not Publish







* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex.