COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-06-019-CR

 

 

KAYE LYN MARTIN                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                                    

                                              ------------

MEMORANDUM OPINION[1]

                                              ------------

Appellant Kaye Lyn Martin
appeals the trial court=s order
directing her to pay $1300 in restitution to Randy Smith as a condition of her
five-year probated sentence for her theft of a firearm conviction.  In two points, she asserts that the evidence
is legally and factually insufficient to support the trial court=s order.  We affirm.








On January 9, 2006, appellant
pleaded guilty to theft of a firearm. 
During the punishment phase of her trial, the trial court heard
testimony from Richard Warrell that appellant had stolen six of his guns, that
he recovered all but one of the guns, and that the cash value of the missing
gun was $330.   The trial court also took
judicial notice of the pre-sentence investigation (PSI) report, which contained
appellant=s statement
that, after she stole the guns from Warrell, she sold them to Randy Smith for
$1300.

After hearing all the evidence,
the trial court sentenced appellant to two years in a state jail facility,
probated for five years, and a fine of $1000. 
As conditions of community supervision, the trial court ordered that
appellant pay restitution to Warrell in the amount of $330, pay restitution to
Smith in the amount of $1300, and pay the fine of $1000.

In two points, appellant
asserts that the trial court abused its discretion by ordering her to pay $1300
in restitution to Smith because the evidence is legally and factually insufficient
to support the award.  The sole basis of
appellant=s complaints
is that no evidence subject to cross-examination was admitted concerning Smith
or the $1300 because Smith did not testify.[2]









We review challenges to
restitution orders under an abuse of discretion standard.[3]  An abuse of discretion occurs if the trial
court acts without reference to any guiding rules and principles or acts
arbitrarily or unreasonably.[4]

Article 42.037(a) of the code
of criminal procedure provides that Athe court that sentences a defendant convicted of an offense may order
the defendant to make restitution to any victim of the offense.@[5]  If the offense results in loss
of a victim=s property,
the trial court may order the defendant to return the property to the victim
or, if the return of the property is impossible, to pay the victim the value of
the property.[6]








Texas law provides three
limits on the amount of restitution a trial court can order.[7]  The amount must be just and supported by a
factual basis within the loss of the victim.[8]  The restitution ordered must also be for an
offense for which the convicted person is criminally responsible.[9]  Finally, restitution is proper only for the
victim or victims of the offense for which the offender is charged.[10]  

The State has the burden of
proving the amount of loss sustained by the victims of a crime by a
preponderance of the evidence for the purpose of factually supporting a
restitution order.[11]  The contents of a PSI may support a
restitution order when the trial court takes judicial notice of the PSI and
neither party objects to the accuracy of its contents.[12]  Persons providing the information contained
in a PSI need not be available for cross-examination at trial.[13]








The following evidence
supports the trial court=s
restitution order of $1300 to Smith:

The PSI, of which the trial
court took judicial notice, includes appellant=s statement that she had taken some stolen guns to another person=s house, where Smith purchased them. 
The PSI also includes Smith=s statements that he purchased the guns from appellant for $1300, that
he later relinquished the guns to the Flower Mound Police Department, and that
he was not reimbursed for the $1300 he paid appellant.  In addition, the PSI contains a section
entitled ARestitution
Information,@ which lists
$330 to Warrell and $1300 to Smith. Appellant did not challenge the accuracy of
the contents of the PSI.[14]









We conclude that the trial
court did not abuse its discretion by ordering that appellant pay $1300 in
restitution to Smith.  It is undisputed
that appellant sold the stolen guns to Smith, who, in turn, paid $1300 for
them.  It is also undisputed that the
same guns appellant sold to Smith were the guns she is charged with
stealing.  In addition, the evidence
shows that Smith incurred a loss because he had to relinquish the guns to the
police department without reimbursement; this loss is a direct result of the
theft of a firearm charge to which appellant pleaded guilty.  Therefore, the trial court=s order of restitution compensates the victims of appellant's theft.[15]  Moreover, the fact that Smith did not testify
at the trial on punishment is irrelevant because persons providing information
in a PSI need not be available at trial and the record contains ample evidence
to support the restitution award to Smith.[16]  

Because the trial court did
not abuse its discretion in ordering that appellant pay $1300 to Smith in
restitution, we overrule appellant=s two points and affirm the trial court=s judgment.  

PER CURIAM

PANEL F: 
CAYCE, C.J.; GARDNER and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 15, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant
does not appeal the trial court=s order that she pay Warrell
$330 in restitution or the $1000 fine.





[3]See
Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (AAn
abuse of discretion by the trial court in setting the amount of restitution
will implicate due‑process considerations.@); Cartwright
v. State, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980); Tyler v. State,
137 S.W.3d 261, 266 (Tex. App.CHouston [1st Dist.] 2004, no
pet.). 





[4]Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); Tyler,
137 S.W.3d at 266.





[5]Tex. Code Crim. Proc. Ann. art.
42.037(a) (Vernon 2006) (emphasis supplied).





[6]Id. art.
42.037(b)(1).





[7]See
Campbell, 5 S.W.3d at 696‑97; Tyler, 137
S.W.3d at 266. 





[8]Campbell, 5
S.W.3d at 696‑97; Tyler, 137 S.W.3d at 266. 





[9]Campbell, 5
S.W.3d at 697; Tyler, 137 S.W.3d at 266. 





[10]Campbell, 5
S.W.3d at 697; Tyler, 137 S.W.3d at 266.





[11]Tex. Code Crim. Proc. Ann. art.
42.037(k) (Vernon 2006).





[12]See
Busby v. State, 951 S.W.2d 928, 931-32 (Tex. App.CAustin
1997), aff=d, 984
S.W.2d 627 (Tex. Crim. App. 1998).  A
defendant bears the burden of proving that the information contained in a PSI
is materially inaccurate and that the trial court relied on inaccurate
information.  Garcia v. State, 930
S.W.2d 621, 624 (Tex. App.CTyler 1996, no pet.). 





[13]See
Wilson v. State, 108 S.W.3d 328, 330 (Tex. App.CFort
Worth 2003, pet. ref=d)
(analyzing section 9(a) of article 42.12 of the code of criminal procedure).





[14]During
closing arguments, appellant=s trial counsel admitted that
appellant had sold the guns to Smith. 
The prosecutor then asked the trial court to order appellant to pay
restitution to Smith in the amount of $1300. 
In response, appellant=s trial counsel stated that
he did not dispute Smith=s
statement that he paid appellant $1300 in exchange for the guns. 





[15]See
Campbell, 5 S.W.3d at 697; Tyler, 137 S.W.3d at
266.





[16]See
Wilson, 108 S.W.3d at 330.