COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-06-019-CR

KAYE LYN MARTIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Kaye Lyn Martin appeals the trial court’s order directing her to pay $1300 in restitution to Randy Smith as a condition of her five-year probated sentence for her theft of a firearm conviction.  In two points, she asserts that the evidence is legally and factually insufficient to support the trial court’s order.  We affirm.

On January 9, 2006, appellant pleaded guilty to theft of a firearm.  During the punishment phase of her trial, the trial court heard testimony from Richard Warrell that appellant had stolen six of his guns, that he recovered all but one of the guns, and that the cash value of the missing gun was $330.   The trial court also took judicial notice of the pre-sentence investigation (PSI) report, which contained appellant’s statement that, after she stole the guns from Warrell, she sold them to Randy Smith for $1300.

After hearing all the evidence, the trial court sentenced appellant to two years in a state jail facility, probated for five years, and a fine of $1000.  As conditions of community supervision, the trial court ordered that appellant pay restitution to Warrell in the amount of $330, pay restitution to Smith in the amount of $1300, and pay the fine of $1000.

In two points, appellant asserts that the trial court abused its discretion by ordering her to pay $1300 in restitution to Smith because the evidence is legally and factually insufficient to support the award.  The sole basis of appellant’s complaints is that no evidence subject to cross-examination was admitted concerning Smith or the $1300 because Smith did not testify.
(footnote: 2) 

We review challenges to restitution orders under an abuse of discretion standard.
(footnote: 3)  An abuse of discretion occurs if the trial court acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably.
(footnote: 4)
 Article 42.037(a) of the code of criminal procedure provides that “the court that sentences a defendant convicted of an offense may order the defendant to make restitution to 
any
 victim of the offense.”
(footnote: 5)  If the offense results in loss of a victim’s property, the trial court may order the defendant to return the property to the victim or, if the return of the property is impossible, to pay the victim the value of the property.
(footnote: 6)
 Texas law provides three limits on the amount of restitution a trial court can order.
(footnote: 7)  The amount must be just and supported by a factual basis within the loss of the victim.
(footnote: 8)  The restitution ordered must also be for an offense for which the convicted person is criminally responsible.
(footnote: 9)  Finally, restitution is proper only for the victim or victims of the offense for which the offender is charged.
(footnote: 10)  

The State has the burden of proving the amount of loss sustained by the victims of a crime by a preponderance of the evidence for the purpose of factually supporting a restitution order.
(footnote: 11)  The contents of a PSI may support a restitution order when the trial court takes judicial notice of the PSI and neither party objects to the accuracy of its contents.
(footnote: 12)  Persons providing the information contained in a PSI need not be available for cross-examination at trial.
(footnote: 13)
 The following evidence supports the trial court’s restitution order of $1300 to Smith:

The PSI, of which the trial court took judicial notice, includes appellant’s statement that she had taken some stolen guns to another person’s house, where Smith purchased them.  The PSI also includes Smith’s statements that he purchased the guns from appellant for $1300, that he later relinquished the guns to the Flower Mound Police Department, and that he was not reimbursed for the $1300 he paid appellant.  In addition, the PSI contains a section entitled “Restitution Information,” which lists $330 to Warrell and $1300 to Smith. Appellant did not challenge the accuracy of the contents of the PSI.
(footnote: 14) 

We conclude that the trial court did not abuse its discretion by ordering that appellant pay $1300 in restitution to Smith.  It is undisputed that appellant sold the stolen guns to Smith, who, in turn, paid $1300 for them.  It is also undisputed that the same guns appellant sold to Smith were the guns she is charged with stealing.  In addition, the evidence shows that Smith incurred a loss because he had to relinquish the guns to the police department without reimbursement; this loss is a direct result of the theft of a firearm charge to which appellant pleaded guilty.  Therefore, the trial court’s order of restitution compensates the victims of appellant's theft.
(footnote: 15)  Moreover, the fact that Smith did not testify at the trial on punishment is irrelevant because persons providing information in a PSI need not be available at trial and the record contains ample evidence to support the restitution award to Smith.
(footnote: 16)  

Because the trial court did not abuse its discretion in ordering that appellant pay $1300 to Smith in restitution, we overrule appellant’s two points and affirm the trial court’s judgment.
 

PER CURIAM

PANEL F:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 15, 2007

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant does not appeal the trial court’s order that she pay Warrell $330 in restitution or the $1000 fine.

3:
See Campbell v. State
, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (“An abuse of discretion by the trial court in setting the amount of restitution will implicate due-process considerations.”); 
Cartwright v. State
, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980); 
Tyler v. State
, 137 S.W.3d 261, 266 (Tex. App.—Houston [1st Dist.] 2004, no pet.). 

4:
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); 
Tyler
, 137 S.W.3d at 266.

5:
Tex. Code Crim. Proc. Ann.
 art. 42.037(a) (Vernon 2006) (emphasis supplied).

6:
Id. 
art. 42.037(b)(1).

7:
See Campbell
, 5 S.W.3d at 696-97; 
Tyler
, 137 S.W.3d at 266. 

8:
Campbell
, 5 S.W.3d at 696-97; 
Tyler
, 137 S.W.3d at 266. 

9:
Campbell
, 5 S.W.3d at 697; 
Tyler
, 137 S.W.3d at 266. 

10:
Campbell
, 5 S.W.3d at 697; 
Tyler
, 137 S.W.3d at 266.

11:
Tex. Code Crim. Proc. Ann.
 art. 42.037(k) (Vernon 2006).

12:
See Busby v. State
, 951 S.W.2d 928, 931-32 (Tex. App.—Austin 1997), 
aff’d
, 984 S.W.2d 627 (Tex. Crim. App. 1998).  A defendant bears the burden of proving that the information contained in a PSI is materially inaccurate and that the trial court relied on inaccurate information.  
Garcia v. State
, 930 S.W.2d 621, 624 (Tex. App.—Tyler 1996, no pet.). 

13:
See Wilson v. State
, 108 S.W.3d 328, 330 (Tex. App.—Fort Worth 2003, pet. ref’d) (analyzing section 9(a) of article 42.12 of the code of criminal procedure).

14:
During closing arguments, appellant’s trial counsel admitted that appellant had sold the guns to Smith.  The prosecutor then asked the trial court to order appellant to pay restitution to Smith in the amount of $1300.  In response, appellant’s trial counsel stated that he did not dispute Smith’s statement that he paid appellant $1300 in exchange for the guns. 

15:
See Campbell
, 5 S.W.3d at 697; 
Tyler
, 137 S.W.3d at 266.

16:
See Wilson
, 108 S.W.3d at 330.