# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00181-CR

**Richard Eugene Pigg, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT**
**NO. 60182, HONORABLE JOE CARROLL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Toward the end of 2006, the appellant, Richard Eugene Pigg, was indicted for the crime of engaging in organized criminal activity, specifically insurance fraud. *See* Tex. Penal Code Ann. §§ 35.02(a), (b) (specifying elements of insurance fraud), 71.02(a) (10) (specifying that person is guilty of organized criminal activity if he "commits or conspires to commit" insurance fraud "with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang") (West Supp. 2006). Although the charged offense is normally a third-degree felony, *see id.* §§ 71.02 (b) (specifying that offense level for engaging in organized criminal activity is one category higher than underlying offense), 35.02(c) (stating that insurance fraud is state jail felony if value of claim is between $1,500 and $20,000) (West Supp. 2006), the indictment also contained an enhancement to the charged offense. The enhancement provided that Pigg had previously been convicted of a prior felony offense, which

elevated the overall offense level to a second-degree felony. *See id.* § 12.42(a)(3) (West Supp. 2006) (stating that if it is shown that defendant in trial for third-degree felony has been previously convicted of felony offense, offense level in current trial is elevated to second-degree felony).

Without entering a plea agreement, Pigg signed a judicial confession in February 2007, admitting that he was guilty of the offense alleged in the indictment, engaged in organized criminal activity while committing insurance fraud, and was a repeat felony offender. He also pleaded guilty to the offense and enhancement. In addition, he executed a jury waiver and agreement to stipulate upon a plea of guilty, which stated that he agreed to allow the State to introduce testimony, affidavits, and other documentary evidence.

The district court concluded that the evidence was sufficient to convict Pigg. After hearing argument from both parties during the punishment phase of the trial, the district court sentenced Pigg to six years' imprisonment and ordered him to pay $10,845.18 in restitution. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (West 2006) (specifying that after hearing evidence relevant to defendant's punishment, trial court must announce defendant's punishment). Pigg now appeals the judgment of the district court.

## DISCUSSION

In one issue on appeal, Pigg argues that the district court erred by ordering him to pay $10,845.18 in restitution. He argues that the district court's restitution order violated his federal and state due-process rights because it deprived him of his property even though there was legally and factually insufficient evidence to support the amount of restitution ordered. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 19. In light of the preceding, he asks this Court to remand the case at issue

to the district court to conduct an evidentiary hearing and to determine the proper amount of restitution, if any, that he should be required to pay.

We will not reverse a trial court's restitution order unless the court abused its discretion when issuing its order. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). A trial court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). Because of the due-process considerations inherent in ordering an individual to pay restitution, the amount of the restitution ordered must be "just." *See Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). In other words, the amount ordered must have a factual basis. *Id.*; *Cartwright*, 605 S.W.2d at 289.

Although Pigg argues that the evidence is insufficient, we conclude that there was a factual basis to support the district court's restitution order. Before the district court determined that Pigg was guilty of insurance fraud, he signed a judicial confession admitting that he defrauded insurance companies for an amount between $1,500 and $20,000. Further, the amount of restitution complained of was specifically listed in a report prepared at the request of the district court. Prior to assessing punishment, the district court requested that a presentence-investigation report be prepared. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (authorizing court to request, prior to punishment determination, preparation of presentence-investigation report). This type of report contains, among other things, a description of the offense charged, "the amount of restitution necessary to adequately compensate a victim of the offense," and the defendant's criminal and social history. *Id.* art. 42.12, § 9 (West 2006); Tex. Penal Code Ann. § 35.02(e) (West Supp 2006)

3

(requiring trial court to order defendant convicted of insurance fraud to pay restitution to affected insurer).

Although the report was not formally admitted into evidence as an exhibit, no provision in the code of criminal procedure requires that this type of report be formally admitted before a court may utilize the report for the purposes of assessing punishment, *Mayfield v. State*, 757 S.W.2d 871, 875 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd), and the relevant statutes obviously contemplate "that the court will consider the presentence report" for the purposes of assessing punishment, *Busby v. State*, 951 S.W.2d 928, 931 (Tex. App.—Austin 1997), *aff'd*, 984 S.W.2d 627 (Tex. Crim. App. 1998)); *see* Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(d), 42.12, § 9. Consequently, the district court could consider the contents of the report regardless of whether the report was formally admitted into evidence. *Busby*, 951 S.W.2d at 931.

The report contains various sections, including one entitled "Victim Restitution Summary." The summary specifies that Pigg and two other individuals engaged in organized criminal activity and "conspired to file a fraudulent theft claim on a 2000 Harley Davidson motorcycle." The report further specifies that as a result of the fraud, Farmers Insurance Group and National Insurance Crime Bureau were entitled to restitution in the amounts of $5,774.71 and $5,070.47, respectively. The total amount of restitution listed was $10,845.18. This report along with Pigg's judicial confession constituted a sufficient factual basis for the restitution award. *See Davis v. State*, 757 S.W.2d 386, 389 (Tex. App.—Dallas 1988, no pet.) (holding that mother's testimony that she incurred $3,373.10 in funeral expenses constituted sufficient basis for restitution order); *Harrison v. State*, 713 S.W.2d 760, 764 (Tex. App.— Houston [14th Dist.] 1986, pet. ref'd)

4

(holding that list of expenses in presentence-investigation report, which was not objected to, provided factual basis to support restitution order); *Buehler v. State*, 709 S.W.2d 49, 52-53 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd) (concluding that voucher detailing extradition expenses, which was not objected to, provided sufficient basis to support trial court's restitution order).

Moreover, we also note that if Pigg disagreed with any portion of the report, it was his obligation to object. *See Mayfield v. State*, 757 S.W.2d 871, 875 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd); *see also Garcia v. State*, 930 S.W.2d 621, 623-24 (Tex. App.—Tyler 1996, no pet.) (noting that defendant bears burden of proving that information in presentence-investigation report was inaccurate). After the report was prepared, the district court ascertained that both parties had been given a copy of the report; however, Pigg failed to either object to the district court's decision to consider the report or introduce evidence disputing the accuracy of the report. *See* Tex. Code Crim. Proc. art. 42.12, § 9(e) (providing that court must allow defendant to comment on presentence-investigation report and may allow defendant to introduce evidence showing report is inaccurate). Furthermore, although the restitution portion of the report may have been composed of hearsay evidence, Pigg's failure to object on this ground waived any right to complain of this fact on appeal. *See* Tex. R. App. P. 33.1 (specifying requirements for preserving error on appeal); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (noting that even constitutional errors can be waived by failing to object); *see also* Tex. R. Evid. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.").

For these reasons, we conclude that the district court's restitution order did not violate Pigg's due-process rights and further conclude that the district court did not abuse its discretion by ordering Pigg to pay $10,845.18 in restitution. Accordingly, we overrule Pigg's issue on appeal and affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:   August 31, 2007

Do Not Publish