# NO. 12-20-00119-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TONI MARIE RAMBO,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Toni Marie Rambo appeals her conviction for first degree felony theft. In two issues, she argues that the evidence is insufficient to support the amount of restitution ordered and her sentence amounts to cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with and pleaded "guilty" to theft of U.S. currency valued between $150,000 and $300,000 from Azleway Boys Ranch, a nonprofit organization, and others. The matter proceeded to a trial on punishment, following which the trial court found Appellant "guilty" as charged and sentenced her to imprisonment for forty years. The trial court also ordered that Appellant pay restitution in the amount of $196,828.31. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE OF AMOUNT OF RESTITUTION

In her first issue, Appellant argues that the evidence is legally insufficient to support the amount of restitution ordered by the trial court.

### Standard of Review and Applicable Law

Texas law authorizes a sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. *See* TEX. CODE CRIM. PROC. ANN. art.

42.037(a) (West Supp. 2020). Restitution can be ordered only for injury resulting from the offense charged and can be made only to the victim, except where justice dictates payment be made to a person or party who has compensated the victim for loss. *Gonzalez v. State*, 954 S.W.2d 98, 106 (Tex. App.–San Antonio 1997, no pet.).

Due process also requires that a factual basis exist in the record for the amount of restitution ordered. *See Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994); *see also Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). The requirement that restitution be "just," means that it must be supported by sufficient factual evidence in the record that the expense was incurred. *See Thompson v. State*, 557 S.W.2d 521, 525–26 (Tex. Crim. App. 1977).

Challenges to the sufficiency of the evidence supporting a restitution order can be raised for the first time on appeal. *Idowu v. State*, 73 S.W.3d 918, 921–22 (Tex. Crim. App. 2002); *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *1 (Tex. App.–Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication). We review a trial court's restitution order for abuse of discretion. *Cartwright*, 605 S.W.2d at 289. The trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Thus, we review the record to determine if there was sufficient factual evidence of an amount which the court could find "just." *Cartwright*, 605 S.W.2d at 289; *King*, 2018 WL 345737, at *1.

## Discussion

The contents of a presentence investigation report (PSI) may support a restitution order when, as was the case here, the trial court takes judicial notice of the PSI and neither party objects to the accuracy of its contents. *See Martin v. State*, No. 02-06-019-CR, 2007 WL 805456, at *1 (Tex. App.–Fort Worth Mar. 15, 2007, no pet.) (mem op., not designated for publication) (citing *Busby v. State*, 951 S.W.2d 928, 931–32 (Tex. App.–Austin 1997), *aff'd*, 984 S.W.2d 627 (Tex. Crim. App. 1998)). Here, the PSI contains the affidavit of Chester Amidon, Jr., in which he states that on or about August 2, 2018, Azleway Boy's Ranch sustained losses as the result of this offense in the amount of $196,828.31. Therefore, because there is evidence in the record that shows that the amount of restitution has a factual basis, we hold that the trial court did not abuse its discretion in ordering the payment of restitution in the amount of $196,828.31.

2

*See Cartwright*, 605 S.W.2d at 289; ***King***, 2018 WL 345737, at *1. Appellant's first issue is overruled.

<u>C</u><u>RUEL AND</u> <u>U</u><u>NUSUAL</u> <u>P</u><u>UNISHMENT</u>

In her second issue, Appellant argues that the forty-year sentence imposed by the trial court amounts to cruel and unusual punishment. However, as Appellant concedes in her brief, she made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See **Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX. R. APP. P. 33.1; ***Mays v. State***, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which she complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See **Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also **Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of first-degree felony theft, the punishment range for which is five to ninety-nine years or life. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 31.03(a), (b), (e)(6)(A), (f)(3)(B) (West 2019). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three-part test originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction,

and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—first degree felony theft—is more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's forty-year sentence is less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

4

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 21, 2021**

**NO. 12-20-00119-CR**

**TONI MARIE RAMBO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1997-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*